**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) No. 4:19-CR-531-HEA | |
| | ) | |
| ROBERT LEE MACK, | ) | |
| | ) | |
| Defendant. | ) | |

**CHANGE OF PLEA**

**BEFORE THE HONORABLE HENRY EDWARD AUTREY**
**UNITED STATES DISTRICT JUDGE**

**JANUARY 27, 2020**

**APPEARANCES:**

For Plaintiff:          Erin O. Granger, AUSA
                        OFFICE OF THE U.S. ATTORNEY
                        111 South Tenth Street, 20th Floor
                        St. Louis, MO  63102

For Defendant:          Rebecca J. Grosser, Esq.
                        GROSSER LAW, LLC
                        225 South Meramec Avenue, Suite 1100T
                        Clayton, MO  63105

*REPORTED BY:*          *Gayle D. Madden, CSR, RDR, CRR*
                        *Official Court Reporter*
                        *United States District Court*
                        *111 South Tenth Street, Third Floor*
                        *St. Louis, MO  63102      (314) 244-7987*
            (Produced by computer-aided mechanical stenography.)

2

1      (Proceedings commenced at 2:02 p.m.)

2      (The following proceedings were held in open court and

3   with the Defendant present.)

4          THE COURT:  This is the matter of United States of

5   America versus Robert Lee Mack, Case No. 4:19-CR-00531-HEA.

6   The matter is now before the Court on notice of change of

7   plea, and the parties have provided to the Court a document

8   entitled Guilty Plea Agreement, which consists of 11 pages.

9   Let the record reflect that the Defendant is in person at this

10  time with counsel, Ms. Grosser; the Government is present

11  through Ms. -- you're not Ms. Danis.  Through Ms. Granger.

12         MS. GRANGER:  Yes.

13         THE COURT:  Are the parties ready to proceed?

14         MS. GRANGER:  Yes, Your Honor.

15         MS. GROSSER:  Yes, Your Honor.

16         THE COURT:  Is there an announcement at this time on

17  behalf of Defendant?

18         MS. GROSSER:  Your Honor, my client has informed me

19  that he wishes to withdraw his previous pleas of not guilty

20  and enter pleas of guilty pursuant to the Guilty Plea

21  Agreement that has been filed with the Court at this time.

22         THE COURT:  Very well.

23         Will you swear in the Defendant?

24      (Defendant sworn.)

25                         EXAMINATION

1  BY THE COURT:

2  Q    Would you state your full name for the record please?

3  A    Robert Lee Mack III.

4  Q    And, Mr. Mack, did you hear the statement that I made

5  when I started this proceeding just now?

6  A    Yes, sir.

7  Q    And is that a correct statement of why we are in court

8  today?

9  A    Yes, sir.

10  Q    So you understand that before I can accept your plea of

11  guilty there are some questions I have to ask you to be sure

12  your plea is valid; all right?

13  A    Yes, sir.

14  Q    So as we go through this process, if I say something that

15  you don't understand, let me know and I'll repeat it or

16  rephrase it.  If I say something and you don't hear me, let me

17  know that and I'll speak louder.  And if, at any time, you

18  need or want to speak with your lawyer, let me know that and I

19  will give you that opportunity.  Okay?

20  A    Yes, sir.

21  Q    Also, keep in mind that you've taken an oath to answer

22  all of these questions truthfully, which means your failure to

23  do that could cause the United States to come back against you

24  with a new indictment for perjury.  All right?

25  A    Yes, sir.

1  Q    Any questions about any of this?

2  A    No, sir.

3  Q    All right.  How old are you, sir?

4  A    Twenty-one.

5  Q    And how far in school have you gone?

6  A    Senior.

7  Q    Did you graduate?

8  A    No, sir.

9  Q    All right.  What high school?

10  A    Riverview.

11  Q    Do you have any difficulty hearing?

12  A    Can you rephrase that again?

13  Q    All right.  Do you have any hard times hearing from time

14  to time?

15  A    No, sir.

16  Q    All right.  Do you have any difficulty speaking or

17  understanding English?

18  A    No, sir.

19  Q    Have you taken any kind of medication before coming to

20  court today that might keep you from understanding what's

21  going on in court today?

22  A    No, sir.

23  Q    Have you used any alcohol or drugs before coming to court

24  today?

25  A    No, sir.

5

1    Q    Have you used any alcohol or drugs in the last 36 hours?

2    A    No, sir.

3    Q    Have you ever been diagnosed as having or treated for

4    having any type of mental illness or mental disease?

5    A    No, sir.

6    Q    Have you ever used or taken any type of medication that

7    might ordinarily be used to treat mental illness or mental

8    disease?

9    A    No, sir.

10   Q    And how are you feeling today?

11   A    Good.

12   Q    All right.  In your own words, tell me why you've come to

13   court today.  What do you want to do about your case?

14   A    I want to put in a better situation.

15        I was coming here to plead guilty.

16        THE COURT:  Okay.  Do you know of any reason why the

17   Court should not conclude that your client is competent to

18   proceed at this time, Ms. Grosser?

19        MS. GROSSER:  No, Your Honor.

20        THE COURT:  Ms. Granger?

21        MS. GRANGER:  No, Your Honor.

22        THE COURT:  All right.  Let the record then reflect

23   that on the examination of the Defendant and inquiry of

24   counsel the Court concludes that the Defendant is competent to

25   proceed at this time.

6

1          MS. GROSSER:  Your Honor, may I interrupt for just

2     one moment?

3          THE COURT:  Yes.

4          MS. GROSSER:  My client has expressed concerns that

5     when he gets nervous sometimes he smiles or kind of chuckles,

6     and he just wants the Court to know that he is not trying to

7     insult the Court, that he is just nervous and that is his

8     natural reaction.

9          THE COURT:  Okay.  No problem.

10         (Pursuant to Local Rule 13.05, a bench conference was

11    held on the record and placed under seal, after which the

12    following proceedings were held in open court.)

13    Q    (By The Court) Having done so, have you had the

14    opportunity to meet with your lawyer and talk to her regarding

15    your case?

16    A    Yes, sir.

17    Q    And do you feel that you've had sufficient time and ample

18    opportunity to meet with her and talk with her?

19    A    Yes, sir.

20    Q    And during those times that you did meet with her, did

21    she advise you or give you advice regarding your case?

22    A    Yes, sir.

23    Q    And are you satisfied with all the advice that she's

24    given you?

25    A    Yes, sir.

7

1  Q    Has she answered all of your questions fully, completely,

2  and to your satisfaction?

3  A    Yes, sir.

4  Q    Is there anything that you needed to know about your case

5  or that you wanted to know about your case that still confuses

6  you?

7  A    No, sir.

8  Q    Is there anything at all about your case that you still

9  don't understand?

10  A    No, sir.

11  Q    Were there any witnesses that you wanted your lawyer to

12  contact or that she should have contacted but did not contact

13  for you?

14  A    No, sir.

15  Q    Was there any investigation that you wanted your lawyer

16  to do for you or that she should have done for you that she

17  didn't do?

18  A    No, sir.

19  Q    Was there any information that you wanted your lawyer to

20  get from the Government regarding your case or that she should

21  have gotten from the Government regarding your case that she

22  didn't get?

23  A    No, sir.

24  Q    Was there anything at all that you wanted your lawyer to

25  do for you in this case that she has failed to do or refused

1   to do in your behalf?

2   A    No, sir.

3   Q    Are you fully satisfied with all the work that

4   Ms. Grosser has done for you?

5   A    Yes, sir.

6   Q    Do you have any complaints against her in any regard as

7   your attorney?

8   A    No, sir.

9   Q    And do you understand that when you plead guilty here

10  today it means you're giving up your right to a trial by jury?

11  A    Yes, sir.

12  Q    Do you understand that the Constitution and laws of this

13  nation guarantee you the right to have your case decided by a

14  jury of 12 impartial citizens?

15  A    Yes, sir.

16  Q    And did you talk with your lawyer about all of that?

17  A    Yes, sir.

18  Q    And based upon that discussion, have you now concluded

19  that you do want to give up your right to a trial by jury and

20  plead guilty here today?

21  A    Yes, sir.

22  Q    All right.  Do you understand, though, that if you did go

23  to trial you would be presumed innocent and it would be the

24  obligation of the United States to prove you guilty beyond a

25  reasonable doubt by competent evidence?

1    A    Yes, sir.

2    Q    Do you also understand that you would not be required to

3    present any type of evidence to prove yourself innocent?

4    A    Yes, sir.

5    Q    Do you also understand that if you were to go to trial

6    you would have the right -- excuse me -- to confront any and

7    all witnesses that the Government might have against you?

8    A    Yes, sir.

9    Q    And in that regard do you understand that you would then

10   be able to cross-examine those witnesses as they testified in

11   open court, under oath, and in front of a jury?

12   A    Yes, sir.

13   Q    Do you also understand that at trial you would have the

14   ability to object to any and all evidence that the Government

15   might attempt to introduce against you at the trial?

16   A    Yes, sir.

17   Q    And do you further understand that if there was some

18   evidence that you wanted to present in your own defense or

19   otherwise you would have the opportunity to present it but the

20   law does not require you to put on any evidence for any

21   purpose?

22   A    Yes, sir.

23   Q    Do you also understand that if you were to go to trial

24   you would have the right to testify or not testify?

25   A    Yes, sir.

1    Q    And do you understand that if you decided that you did

2    not want to testify in the case the fact that you did not

3    testify could not be used by anyone for any purpose?

4    A    Yes, sir.

5    Q    Any questions about anything so far?

6    A    No, sir.

7    Q    All right.  And you also understand, Mr. Mack, that if

8    you go forward with your plea of guilty here today and if I

9    accept your plea of guilty I will enter a judgment finding you

10   guilty beyond a reasonable doubt and impose a sentence on some

11   future date?

12   A    Yes, sir.

13   Q    Do you understand that whatever sentence I impose is

14   entirely up to me?

15   A    Yes, sir.

16   Q    And do you understand that that's true even though you

17   might have some agreement between yourself and the United

18   States on things that relate to sentencing?

19   A    Yes, sir.

20   Q    All right.  And finally, do you understand that when you

21   plead guilty here today it means you're giving up your right

22   to not incriminate yourself under the Fifth Amendment of the

23   Constitution of the United States because you will have to

24   admit the facts that establish a basis for the crime as well

25   as admit the crime itself?

1  A    Yes, sir.

2  Q    And is that what you want to do here today?

3  A    Yes, sir.

4  Q    All right.  In relation to the charges that bring you

5  here today, have you had the opportunity to review the

6  indictment and talk about it with your lawyer?

7  A    Yes, sir.

8  Q    And as a result of that, are you satisfied that you

9  understand everything in the indictment?

10 A    Yes, sir.

11 Q    Do you have any questions about anything in the

12 indictment?

13 A    No, sir.

14 Q    All right.  Are you also aware of the range of punishment

15 that applies to the charges in the indictment?

16 A    Yes, sir.

17 Q    And did you talk to your lawyer about that as well?

18 A    Yes, sir.

19 Q    Any questions about that?

20 A    No, sir.

21      THE COURT:  All right.  For the record, Ms. Granger,

22 what is the applicable range of punishment?

23      MS. GRANGER:  Your Honor, the maximum possible

24 penalty provided by law for the crime to which the Defendant

25 is pleading guilty is imprisonment of not more than 10 years,

1   a fine of not more than $250,000, or both such imprisonment

2   and fine.  The Court shall also impose a period of supervised

3   release of not more than three years, and there is a $100

4   special assessment.

5   Q    (By The Court) Did you hear everything that Ms. Granger

6   just said?

7   A    Yes, sir.

8   Q    And is there anything that she just said regarding the

9   range of punishment that surprised you just now?

10   A    No, sir.

11   Q    All right.  Is anyone forcing you to plead guilty today?

12   A    No, sir.

13   Q    Has anybody threatened you to make you plead guilty?

14   A    No, sir.

15   Q    Has anyone promised you anything in exchange for your

16   plea of guilty?

17   A    No, sir.

18   Q    Has anybody made any threats against any close friends or

19   family members to make you plead guilty today?

20   A    No, sir.

21   Q    Have any of your close friends or family members

22   threatened you or otherwise coerced you into pleading guilty

23   for some reason?

24   A    No, sir.

25   Q    Are you then pleading guilty voluntarily and of your own

1    free will because that's what you want to do in this case?

2    A    Yes, sir.

3    Q    All right.  Now, when we started out, Mr. Mack, I made a

4    reference to your Guilty Plea Agreement.  The last page of the

5    Guilty Plea Agreement, page 11, shows your name in print with

6    a signature above the printed name.  Is that your signature?

7    A    Yes, sir.

8    Q    And before you signed the Guilty Plea Agreement, did you

9    review it and talk about it with your attorney?

10   A    Yes, sir.

11   Q    And as a result of that review and discussion, are you

12   satisfied that you understand everything in this document?

13   A    Yes, sir.

14   Q    Do you have any questions about anything in the document?

15   A    No, sir.

16   Q    All right.  I'm going to have Ms. Granger tell us what

17   the substance of the plea agreement is as it relates to the

18   rights and obligations of the parties.  When she's finished,

19   I'll have some questions for you, and then after that, we'll

20   talk about the facts in relation to the charge, and I'll have

21   some questions after that too.  Okay?

22   A    Yes, sir.

23            THE COURT:  All right.  Ms. Granger.

24            MS. GRANGER:  Thank you, Your Honor.

25            Pursuant to Rule 11(c)(1)(A) of the Federal Rules of

14

1    Criminal Procedure, in exchange for the Defendant's voluntary

2    plea of guilty to Count III, the Government agrees to dismiss

3    Counts I and II at the time of sentencing.  Further, the

4    Government agrees that no further federal prosecution will be

5    brought in this district relative to the Defendant's

6    conspiracy to distribute marijuana and possession of a stolen

7    firearm in furtherance of said conspiracy on or about

8    June 24th, 2019, of which the Government is aware at this

9    time.

10           The parties agree that either party may request a

11   sentence above or below the U.S. Sentencing Guidelines.  There

12   have been some agreements as to guidelines, Your Honor, that

13   begin on page 4.  Specifically, the parties agree that the

14   base offense level is found in § 2K2.1 and depends on the

15   nature of the firearm, the Defendant's criminal history, and

16   other factors therein.  There are no adjustments other than

17   there is a three-level adjustment for acceptance of

18   responsibility and timeliness of that acceptance pursuant to §

19   3E1.1 (a) and (b).  The parties also estimate that the total

20   offense level is 14, 20, or 24 as found in sentencing

21   guidelines 2K2.1(a) unless the Defendant is a career offender

22   or armed career criminal.  Depending on the underlying offense

23   and the Defendant's criminal history, the Defendant could be a

24   career offender pursuant to § 4B1.1 or an armed career

25   criminal pursuant to Title 18 United States Code § 924(e) and

1   § 4B1.4.  If the Court finds that the Defendant is either a

2   career offender or an armed career criminal, the total offense

3   level may be higher and the criminal history category may be

4   as high as a Category VI.  The Defendant has discussed these

5   possibilities with defense counsel, and both parties reserve

6   the right to argue that he is or is not a career offender or

7   an armed career criminal.  The determination of the

8   Defendant's criminal history category is also left to the

9   Court.

10           With respect to some appellate rights, Your Honor,

11   those are listed beginning on page 6.  The Defendant has been

12   fully apprised of his rights to appeal.  The parties waive all

13   rights to appeal all nonjurisdictional, nonsentencing issues

14   including but not limited to any issues relating to pretrial

15   motions, discovery, and the guilty plea, the constitutionality

16   of the statute to which the Defendant is pleading guilty, and

17   whether the Defendant's conduct falls within the scope of that

18   statute.

19           In the event that the Court accepts the plea, accepts

20   the U.S. Sentencing Guidelines total offense level agreed to

21   herein, and after determining a sentencing guideline range

22   sentences the Defendant within or below that range, then part

23   of this agreement, the Defendant would waive all rights to

24   appeal all sentencing issues other than criminal history but

25   only if it affects the base offense level or criminal history

16

1   category.  Similarly, the Government hereby waives all rights

2   to appeal all sentencing issues other than criminal history

3   provided that the Court accepts the plea, the total agreed

4   offense level, and sentences the Defendant within or above

5   that range.

6           THE COURT:  Thank you.

7   Q   (By The Court) Did you hear everything that Ms. Granger

8   just said?

9   A   Yes, sir.

10  Q   And is there anything she said just now that surprised

11  you just now?

12  A   No, sir.

13          THE COURT:  All right.  The Court will then approve

14  of the plea agreement as outlined on the record.

15  Q   (By The Court) Mr. Mack, has anybody given you a promise

16  or given you any prediction regarding what your sentence from

17  me is going to be?

18  A   No, sir.

19  Q   All right.  And, again, you understand that whatever it

20  is it is entirely up to me?

21  A   No, sir.

22  Q   Well, do you understand that the sentence that you

23  receive from me is up to me and nobody else; right?

24  A   Yes, sir.

25  Q   Okay.  And with that in mind, do you still want to go

1    forward with your plea of guilty today?

2    A    Yes, sir.

3            THE COURT:  All right.  Tell us then if you would,

4    Ms. Granger, what the evidence would have been if the matter

5    had gone to trial that would establish a factual basis for the

6    charge, the relevant conduct of the Defendant, and a basis

7    upon which one might conclude Defendant guilty beyond a

8    reasonable doubt.

9            MS. GRANGER:  Thank you, Your Honor.

10            The parties agree that had this case proceeded to

11   trial the following would have been proven beyond a reasonable

12   doubt.  On June 24th, 2019, St. Louis County police officers

13   were called to a McDonald's restaurant located at the

14   intersection of Jennings Station Road and Halls Ferry Avenue,

15   within the Eastern District of Missouri, for calls that four

16   individuals were armed, one with a rifle, and were acting

17   suspiciously in the store and in the parking lot.  When the

18   officers arrived on the scene, they located Darrion Bridgett

19   in the driver's seat of a stolen vehicle with Defendant Robert

20   Mack, Terone Julion, and Jamon Womack as passengers.  All four

21   of these individuals have been documented by law enforcement

22   as members of the self-titled group Murdaa Gang, and "Murdaa"

23   is spelled M-U-R-D-A-A.

24            Officers observed a large, black metal object

25   protruding from Codefendant Julion's waistband, which was

1  consistent with a firearm.  The officers then ordered all

2  occupants out of the vehicle and onto the ground.  Officers

3  smelled marijuana inside the vehicle and conducted a search of

4  the same.  During their search, in the front passenger

5  floorboard where Codefendant Julion was seated, they located a

6  plastic jar containing several individually wrapped bags of

7  marijuana as well as a digital scale.  On the rear passenger's

8  side floorboard where Codefendant Womack was seated, police

9  located several more individually wrapped packages containing

10  marijuana.  Three firearms were located inside the vehicle.

11        Defendant Mack was found to be in possession of a

12  stolen Ruger Model SR9C 9mm Luger pistol.  The Defendant knew

13  the firearm had been stolen prior to being in possession of

14  it.  Furthermore, the parties agree that this firearm traveled

15  in interstate commerce prior to being in the Defendant's

16  possession on June 24th of 2019.

17  Q    (By The Court) Did you hear everything that Ms. Granger

18  just said?

19  A    Yes, sir.

20  Q    And are all those facts true and correct?

21  A    Yes, sir.

22  Q    All right.  On or about June 24th of 2019, in the Eastern

23  District of Missouri, did you knowingly possess a firearm, to

24  wit, a Ruger Model SR9C 9mm Luger pistol?

25  A    Can you repeat that?

1    Q    Did you on or about June 24th of 2019, in the Eastern

2    District of Missouri, knowingly possess a firearm, to wit, a

3    Ruger Model SR9C 9mm Luger pistol?

4    A    Yes, sir.

5    Q    And did you know or have reason to know a reason --

6    strike that.  Did you know or have reason to believe that the

7    firearm had been stolen prior to your possession of that

8    firearm?

9    A    Yes, sir.

10   Q    And had that firearm traveled in interstate commerce at

11   some time before your possession of it?

12   A    Yes, sir.

13   Q    How do you plead to the charge?

14   A    I plead guilty.

15        THE COURT:  Do you know of any reason why the Court

16   should not accept your client's plea of guilty, Ms. Grosser?

17        MS. GROSSER:  No, Your Honor.

18        THE COURT:  Ms. Granger?

19        MS. GRANGER:  No, Your Honor.

20        THE COURT:  Let the record then reflect that the

21   Court will enter its order, findings, and judgment that the

22   Defendant is entering his plea of guilty knowingly,

23   voluntarily, and of his own free will, with full understanding

24   of the nature and consequences of his plea of guilty and

25   furthermore that he's knowingly and voluntarily waiving his

20

1   right to a trial by jury and all rights incident thereto,

2   further finding that the Defendant is fully cognizant of the

3   range of punishment applicable to the charge.  The Court

4   accepts Defendant's plea of guilty and enters its judgment

5   finding Defendant guilty beyond a reasonable doubt.

6           Presentence Investigation Report will be ordered.

7   Sentencing will be set for April the 28th, at 2:30 in the

8   afternoon, Mr. Mack.  Okay?

9           THE DEFENDANT:  Yes, sir.

10          THE COURT:  Anything else, Ms. Grosser?

11          MS. GROSSER:  No, Your Honor.

12          THE COURT:  Ms. Granger?

13          MS. GRANGER:  No, Your Honor.

14  Q   (By The Court) All right.  When was the last time you

15  were convicted of anything, Mr. Mack?

16  A   Uh --

17  Q   Including receiving a suspended imposition of sentence.

18  A   I don't remember being convicted of anything.

19  Q   Have you ever pleaded guilty to any crime before this?

20  A   No, sir.

21  Q   This is your very first time?

22  A   Yes, sir.

23          MS. GROSSER:  That's consistent with the bond report,

24  Your Honor.

25  Q   (By The Court) Twenty-one?

21

1    A    Yes, sir.

2            THE COURT:  Welcome to federal court, Mr. Mack.  I'll

3    see you back on April the 28th.  All right?

4            THE DEFENDANT:  Yes, sir.

5        (Proceedings concluded at 2:22 p.m.)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

<u>CERTIFICATE</u>

I, Gayle D. Madden, Registered Diplomate Reporter and Certified Realtime Reporter, hereby certify that I am a duly appointed Official Court Reporter of the United States District Court for the Eastern District of Missouri.

I further certify that the foregoing is a true and accurate transcript of the proceedings held in the above-entitled case and that said transcript is a true and correct transcription of my stenographic notes.

I further certify that this transcript contains pages 1 through 21 inclusive.

Dated at St. Louis, Missouri, this 8th day of May, 2020.

*/s/ Gayle D. Madden*

_____

GAYLE D. MADDEN, CSR, RDR, CRR

Official Court Reporter